[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence: February 19, 1993 Date of Application: February 22, 1993CT Page 10944 Date Application Filed: March 19, 1993 Date of Decision: September 27, 1994
Application for review of sentence imposed by the Superior Court for the Judicial District of Fairfield.
Docket No. CR92-72847.
James J. Ruane, Esq., S.P.D. For the Petitioner.
John Smirga, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
The petitioner has requested a review of his sentence of 7 years after a jury found him guilty of attempted escape in the first degree and criminal mischief if the second degree, violations of § 53a-169(a)(1), § 53a-49 and § 53a-116(a)(1). He was given a 7 year sentence for attempted escape and 1 year for criminal mischief, both to run concurrently to each other and consecutive to his present sentence.
While confined at the Bridgeport Correctional Center on March 1, 1992, correction officers noted the petitioner had been acting in a suspicious manner. As a result, his cell was searched and a metal screen covering a window was found sawed and pulled back from the window. Officials noted one of the window panes had been broken and found the glass placed in a paper bag in his cell along with two saw blades.
Originally sentenced to more than 21 years on federal charges of conspiracy to import cocaine in violation of 21 U.S.C. § 963, the sentencing judge ordered the federal sentence to run concurrent to state sentence for larceny in the 3rd degree, 53a-124. While at the facility he was diagnosed with tuberculosis and the author of the presentence report explains the background to the escape conviction: CT Page 10945
 "Suffice it to say that the undersigned officer could elaborate in many areas regarding this individual and his rather colorful past two decades. Already convicted at the [f]ederal level and sentenced to 21+ years, the offender would have this court believe that the attempted escape was an obligation on his part in hopes that it may vitiate the convictions which lead to the imposition of those sentences. As the offender is apparently unremorseful for his involvement in this matter, it is difficult to convey much sympathy to him at this juncture, especially in light of his apparent disinclination to acknowledge any culpability for his behavior."
The petitioner tried his own case and has succeeded in having at least one conviction overturned in a pro se appeal. His counsel claims his sentence was excessive for two reasons: (1) the presentence report did not clarify his employability as an insurance salesman, and (2) the sentencing court started at the maximum sentence allowed under the statute and considered factors which might have tended to reduce the sentence, rather than starting at the least amount of time necessary to meet the principles set forth in P.B. § 942.
The division is asked to take into account the claim that this was not a violent crime but rather an inchoate offense. Because the underlying conviction for larceny was later overturned (Statev. Varszegi, 33 Conn. App. 368 (1993)), the petitioner claims his attempted escape was done as a protest for a wrongful conviction and that his actions were justified by his successful appeal.
The state points out that this is a more traditional escape plan rather than the usual walk away from a facility by an inmate, and although the offense was admittedly nonviolent, there was no justification for this attempt.
The petitioner spoke at length regarding the larceny conviction and underscored his attorney's claim that he had a good employment record and that his having contracted tuberculosis was the driving force behind the attempted escape.
A careful examination of the presentence report reveals a comprehensive examination into the petitioner's past, including his employment record together with the petitioner's resume which had been sent to the federal district court judge. The report is 13 pages long and represents one of the most thorough investigations CT Page 10946 seen by this division. Any difference between the petitioner's employment claims and his history was fully explored, placed before and read by the sentencing court.
It is ironic that at sentencing, the petitioner said, "I think you should impose the maximum sentence of ten years, Your Honor, for the attempted escape for all those reasons and also the one year for the mischievous felony (sic) and I think you should give that to him consecutive."
The court, however, rejected the petitioner's request and carefully analyzed the nature of the charges, his criminal record and the need to protect society while deterring future offenders.
We find the sentence imposed was fair and proportionate under all the relevant circumstances.
Sentence affirmed.
Stanley, J.
Purtill, J.
Klaczak, J.
Stanley, J., Purtill, J. and Klaczak, J. participated in this decision.